**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

                Plaintiffs,

v.                                CIVIL  ACTION  NO.  3:08-0979

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Intervenor-Defendants Loadout, LLC and Coal River Mining, LLC's Motion for Rule 54(b) Certification (Doc. 175).  For the following reasons, the motion is **GRANTED.**

**Background**

On November 24, 2009, this Court entered a Memorandum Opinion and Order, which granted summary in judgment in favor of the defendants on several substantive claims; granted summary judgment to the plaintiffs with respect to their claim that the public notices for the § 404 permits for Loadout, LLC's ("Loadout") Nellis Surface Mine and Foal Coal Company, LLC's ("Fola") Ike Fork Surface Mines were inadequate; and held in abeyance the plaintiffs' motion for summary judgment on their claim that the Corps lacked a reasoned basis or substantial evidence to conclude that selenium discharges from Fola's Ike Fork mines would be individually or cumulatively insignificant.  The effect of this November 24, 2009, Order was stayed for 60 days, or until January 25, 2010.  Loadout and Coal River Mining, LLC (hereinafter jointly referred to as

"Loadout") now seek a certification of finality of the Court's November 24, 2009, Order, pursuant to Federal Rule of Civil Procedure 54(b). Such certification is sought so that Loadout may file a notice of appeal requesting review of this Court's determination that the public notice for its Nellis Surface Mine's § 404 permit was inadequate.

The United States Army Corps of Engineers ("the Corps") has notified the Court that it will not take a formal position on Loadout's motion. Additionally, the plaintiffs have filed a response, informing the Court that it does not oppose Rule 54(b) certification. As a result, Loadout's motion for certification is ripe for disposition. Also, pending in this action is Loadout's Rule 60(b) motion for relief from the November 24, 2009, Order, which the plaintiffs oppose and on which the Corps informed the Court it will not take a formal position.

## Analysis

The federal appellate courts are courts of limited jurisdiction. *See, e.g., Nicholas v. Wynham Int'l, Inc.,* 373 F.3d 537, 541 (4th Cir. 2004); *Baird v. Palmer*, 114 F.3d 39, 42 (4th Cir. 1997). Such jurisdiction is provided by 28 U.S.C. § 1291, which affords that "[t]he courts of appeals ... shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States[.]" 28 U.S.C. § 1291 (emphasis supplied). The finality requirement imposed by 28 U.S.C. § 1291 "serves the dual purpose of avoiding undue delay in the ultimate resolution of disputes and preserving the primacy of the district court as the arbiter of the proceedings before it." *Baird,* 114 F.3d at 42; *see also GO Computer, Inc. v. Microsoft Corp.,* 508 F.3d 170, 176 (4th Cir. 2007). Thus, "[w]here a suit remains pending in the district court, an order dismissing one claim or defendant but not others ordinarily is not final." *Id.*; *see also MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994) ("[A]ppellate review will generally be limited to those decisions which end the

litigation on the merits and leave nothing for the court to do but execute the judgment.") (internal

quotations and brackets omitted); *F. R. Civ. Pro. 54 (b)* ("[A]ny order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties does not end the action as to any of the claims or parties and may be revised at any time

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Nonetheless, Rule 54(b) provides that an order that adjudicates fewer than all the claims or

the rights and liabilities of fewer than all the parties "may be immediately appealed if the district

court: (1) expressly directs entry of judgment as to those claims or parties; and (2) expressly

determines that there is no just reason for delay." *Baird,* 114 F.3d at 42; *see also Braswell*

*Shipyards, Inc. v. Beazer East, Inc.,* 2 F.3d 1331, 1335 (4th Cir. 1993); *F. R. Civ. Pro. 54 (b)*

("When an action presents more than one claim for relief ... or when multiple parties are involved,

the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties

only if the court expressly determines that there is no just reason for delay."). "The basic purpose

of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly

separate claim or as to fewer than all of the parties until the final adjudication of the entire case by

making an immediate appeal available." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and*

*Procedure* § 2654 (3d ed.).

In the instant case, the Court **FINDS** that the plaintiffs' remaining selenium claim, Count

3 of Plaintiffs' Third Amended Complaint, is distinct and separate from (1) the substantive claims

upon which the Court granted summary judgment in favor of the defendants, and (2) the claims

regarding the adequacy of public notice. As a result, this Court **FINDS** that there is no just reason

to delay the appeal of this Court's November 24, 2009, Order insofar as it grants summary judgment

in favor of the defendants or in favor of the plaintiffs.  The Court therefore **DIRECTS** an entry of judgment with regard to these claims addressed in the November 24, 2009, Order.

The parties' right to appeal begins to run from the entry of this Order.  *See id.; see also Taylor v. Cont'l Group Change in Control Severance Pay Plan*, 933 F.2d 1227, 1231 n. 2 (3rd Cir. 1991).  Thus, the parties shall file any notice of appeal **within 60 days** of the entry of this Order or on or before **March 29, 2010**.  *See F. R. App. P. 4(a)(1)(B).*  It should be noted, however, that such notice will not become effective until this Court has disposed of Loadout's remaining Rule 60(b) motion.  *See F. R. App. P. 4(a)(4)(B)(i)* ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) [which includes a motion for relief under Rule 60] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); *F. R. App. P. 4(a)(4)* advisory committee's note ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); *see also Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 609-10 (6th Cir. 2004).

Finally, in its January 21, 2010, Order (Doc. 177) the Court **ORDERED** the November 24, 2009, Order **STAYED** pending the resolution of the instant motion, the motion for 54(b) certification.  The Court now **ORDERS** this stay **EXTENDED** pending resolution of Loadout's Rule 60(b) motion for relief.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     January 27, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE